### TAYLOR *vs.* SIMMONS.

The certificate of a collector of internal revenue of the United States that a paper is a correct copy of a bond of file in his office, is not sufficient, without more, to authorize the admission of such copy in evidence in the courts of this state.

December 15, 1885.

Evidence. Bonds. Officers. Revenue Collector. Before Judge BRANHAM. Walker Superior Court. February Term, 1885.

Simmons sued out an attachment against Taylor, based on a note and an account. The account was " to amt. pd. on distiller's warehousing land for W. B. Taylor, he being joint security with W. B. Simmons on said bond, $151.50." The defendant pleaded the general issue and set-off; also that the plaintiff was a partner in the firm of Rackley & Franklin, who gave the bond, and was jointly liable as a principal thereon; and that the plaintiff took part and aided in the illegal removal of the liquor, which was the breach of the bond.

On the trial, a copy of the bond, certified to be such by the collector of internal revenue for the second district of .Georgia, was offered in evidence, and admitted over objection.

After verdict for the plaintiff, the defendant moved for a new trial, which was refused, and he excepted.

I. E. SHUMATE; R. M. W. GLENN, for plaintiff in error.

H. P. LUMPKIN; F. W. COPELAND, for defendant.

BLANDFORD, Justice.

The only question in this case which is necessary to be considered by this court is, whether a copy bond, certified by the United States collector of internal revenue to be a correct copy of a bond of file in his office, can be admitted in evidence, without more, by the courts of this state. There is no law of this state which will admit this paper in evidence, and no law of the United States, either by statute or the decisions of the courts of that government, which authorizes the admission of such a paper in evidence in the courts of this state. Neither the constitution of the United States nor the acts of congress passed in pursuance thereof authorize the admission of this paper in evidence by the state courts; so we think that the court erred in admitting the paper in evidence in this case over the objection of counsel for plaintiff in error

Judgment reversed.