*Eason & Bull, R. M. Bryson,* contra.

---

## 2460.   HUCKABEE *v.* THE STATE.

1. A certified copy by the collector of internal revenue for the State of Georgia, from the records of his office, showing the names of all persons who have paid special taxes within his district, is admissible evidence for the purpose of showing that a particular person has paid the special taxes as a retail liquor dealer.
2. The verdict is fully supported by the evidence, and no error of law appears.

Indictment for sale of liquor; from Terrell superior court— Judge Worrill. January 25, 1910.

Argued March 9,—Decided April 19, 1910.

*M. J. Yeomans,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.

HILL, C. J.   Robert Huckabee was convicted of the offense of selling intoxicating liquor in Terrell county, and his motion for a new trial was overruled.   Besides the general grounds, there is one special assignment of error.   The trial judge, over the objection of the defendant, admitted in evidence a certified copy by the collector of internal revenue for Georgia, from the records of his office, showing that he had issued to Huckabee & Ross, of Dawson, Georgia, a special-tax stamp, as retail liquor dealers, for the year in which the sale was claimed to have taken place.   The certificate was under the seal of the collector.   The admission of this certified copy was objected to on the ground that it was illegal, irrelevant, and immaterial, and was neither the original and examined copy, nor secondary, but was an attempt to introduce a transcript of a record not appertaining to a court of record, and was not properly certified to or properly exemplified or attested.   There was evidence that the Huckabee mentioned in the certified copy was the defendant, Robert Huckabee, and for that reason we think the copy was both relevant and material, if it was not objectionable for other reasons.   By an act of Congress approved June 21, 1906 (34 Stat. 387, c. 3509, U. S. Comp. Stat. Supp. 1901, p. 841), § 3240 of the Revised Statutes was so amended as to read:   "Each

collector of internal revenue shall, under the regulations of the commissioner of internal revenue, place and keep conspicuous in his office, for public inspection, an alphabetical list of the names of all persons who shall have paid special taxes within his district, and shall state thereon the time, place, and business for which such special taxes have been paid, and upon application of any prosecuting officer of any State, county, or municipality, he shall furnish a certified copy thereof as of a public record." The certified copy of the record from the office of the collector of internal revenue was admissible in evidence under this statute as amended, and it is not otherwise objectionable for any of the reasons stated. The case of *Taylor* v. *Simmons, 75 Ga.* 13, relied upon by plaintiff in error, was decided by the Supreme Court before the passage of the above-stated amendment to § 3240 of the Revised Statutes. In the opinion Judge Blandford states as a reason for the decision of the court: "There is no law of this State which will admit this paper in evidence, and no law of the United States, either by statute or the decisions of the courts of that government, which authorizes the admission of such papers in evidence in the courts of this State." The document held not competent was a certified copy by the collector of internal revenue of the United States of a bond of file in his office. The amendment to the act above quoted authorizes the admission in evidence of a certified copy of any paper of file in the collector of internal revenue's office; and where the certificate conforms to the statute, it should be admitted in evidence by the courts of this State. This is impliedly held in the decision of the Supreme Court above quoted. The law of the United States authorizes the collector of internal revenue to make such certified copies of the records of his office, and to furnish them to prosecuting officers of the State. He is under legal obligation to do so honestly and correctly, as an official of the United States government, and his failure to do so would subject him to punishment. Compare *McLanahan* v. *Blackwell, 119 Ga.* 64 (45 S. E. 785).

The evidence fully supports the verdict, and no error of law was committed.                                        *Judgment affirmed.*