4433. DANIEL *v.* THE STATE.

POTTLE, J. 1. An indictment for selling intoxicating liquor, in violation of the prohibition law of this State, need not name the person to whom the liquor was sold. This court declines to review and overrule previous decisions of the Court of Appeals to the same effect, or to request the Supreme Court to overrule numerous decisions of that court announcing the same ruling.

2. In the trial of an indictment for the illegal sale of intoxicating liquor, a certified copy from the records of the internal revenue collector of the United States, showing that the accused has paid a special tax as a retail liquor dealer, is admissible in evidence. *Huckabee* v. *State*, 7 *Ga. App.* 677 (67 S. E. 837); *Cassidy* v. *State*, 10 *Ga. App.* 123 (72 S. E. 939). Whether or not such a certified copy is evidence of an application for the internal-revenue-tax receipt of the United States; as required by section 3239 of the Revised Statutes of the United States, so as to shift the burden of proof on the defendant, under the provisions of the act of the General Assembly of August 21, 1911 (Acts 1911, p. 180), need not be decided, since, under the decisions above cited, the evidence was admissible without reference to the provisions of that act.

3. Courts of review determine only such questions as were passed upon in the trial court. The Court of Appeals will not certify to the Supreme Court the question whether or not the statute above referred to infringes any provision of the constitution of the United States or the constitution of this State, both because the evidence objected to was admissible without reference to the provisions of that statute, and because it does not appear from the record that the constitutional question was raised in the trial court.

4. Where, upon the hearing of a motion for new trial, one of the jurors is attacked by affidavit, upon the ground that he is not impartial, having expressed, before the trial, an opinion that the accused was guilty, the judge hearing the motion is a trior of the issue, and his discretion in finding in favor of the juror will not be controlled by the reviewing court, where the juror, on oath, denies that he expressed any such opinion, or that he had any bias or prejudice against the accused.

5. In the trial of an indictment for the illegal sale of intoxicating liquor, it was not error to admit in evidence receipts, signed by the accused, for large quantities of whisky which had been shipped by freight, consigned to persons other than the accused; nor was it error to admit the testimony of a witness that he saw in the railway depot, in the town in which the trial was being had, several barrels marked with the name of the accused and labeled "whisky." See *Cassidy* v. *State*, supra; *Shaw* v. *Atlanta*, ante, 391.

6. An objection that one of the jurors who tried the case was a non-resident of the county at the time of the trial, being propter defectum, comes too late after verdict. *Manning* v. *State*, ante, 766 (76 S. E. 70); *Parris* v. *State*, 125 *Ga.* 777 (54 S. E. 751).

7. It is not ground for a new trial that a juror who was stricken by the State was incompetent to serve. *Cabaniss* v. *State*, 8 *Ga. App.* 129 (8), (68 S. E. 849).

8. The evidence authorized the verdict.              *Judgment affirmed.*

DECIDED NOVEMBER 12, 1912.

Conviction of sale of liquor; from city court of LaGrange—Judge Revill presiding. August 14, 1912.

*M. U. Mooty, S. Holderness, E. A. Jones, Arthur Greer,* for plaintiff in error.

*Henry Reeves, solicitor,* contra.