### 6674. LASSETER *v.* THE STATE.

1. Maintaining and keeping a lewd house is an entirely distinct and separate offense from that of open lewdness or any notorious act of public indecency tending to debauch the morals. These two offenses can not be joined in the same accusation. (BROYLES, J., dissenting. While a defendant can not be charged with separate and distinct offenses in the same accusation, yet it is well settled that offenses of the same nature may be so joined. In my opinion, the two offenses here charged are sufficiently of the same nature to be included in one accusation.)

2. The offense charged in the second count of the accusation was not set forth with sufficient clearness and fullness, and that count was subject to the special demurrer.

3. For the reasons set forth above, the court erred in overruling both the general and the special demurrers.

4. The error in overruling the demurrer rendered the further proceedings in the trial nugatory.

DECIDED OCTOBER 29, 1915.

Accusation of misdemeanor; from city court of Nashville—
Judge Christian. May 25, 1915.

The accusation charged W. F. Lasseter with "the offense of a misdemeanor," for that he, on the 22d day of May, 1915, did unlawfully maintain and keep a lewd house. It further charged him with "the offense of a misdemeanor," for that he, on the 22d day of May, 1915, "did commit the offense of open lewdness and do a notorious act of public indecency by hiring out his wife for immoral purposes, tending to debauch the morals of the public, contrary to the laws of the State," etc. The grounds of the demurrer were: 1. The accusation is fatally defective, in that the defendant is charged with keeping a lewd house, under section 382 of the Penal Code of 1910, and also charged with open lewdness and a notorious act of public indecency, under section 381 of the Penal Code; and these offenses are so entirely separate and distinct that they can not be joined in one accusation. 2. The accusation does not set out to whom the defendant hired his wife, or for what

length of time, or for how much, or for what kind of immoral purpose.

*J. C. Smith, W. M. Story,* for plaintiff in error.

*J. H. Gary, solicitor,* contra.

BROYLES, J.  Speaking for myself, the undisputed facts in this case, as disclosed by the record, show such a state of moral depravity on the part of the accused as to be almost unbelievable.  It appears that the defendant, for money received, was an active party to the commission of adultery by his wife; but it was also undisputed that the criminal act occurred *privately,* at a place in the woods, *where no one* (except the defendant's wife and her coadulterer) *saw it,* and *where no one was likely* to see it.  The accused richly deserves severe punishment, and it is with great reluctance that I agree to grant him a new trial, but under the law and the evidence we have no alternative.  However, upon another trial and under a different accusation, it is probable **that** severe punishment can be administered to him; not adequate punishment, it is true (for that would be impossible under the facts of this case), but still sufficient perhaps to deter others from the commission of a like crime. As there are no accessories in misdemeanors, but all connected therewith are principals, the evidence in this case might warrant the defendant's conviction of adultery, but it does not support a conviction of *open* lewdness and a *notorious* act of *public* indecency as charged.          *Judgment reversed.*