---

## 6965.  CASHIN *v.* THE STATE.

1. An indictment which charged "the offense of misdemeanor," for that the defendant "did contract to sell, take orders for, and solicit personally and by. agent, and by and through the United States mails, and by and through the Southern Express Company, the sale of spirituous liquor, malt liquor, and intoxicating liquor, contrary to the laws of said State," etc., was not subject to demurrer on the ground that it set forth no crime, or that it failed to state who was the agent and how he contracted to sell, take orders, and solicit, or that it failed to state how the defendant used the mail or the express company as his agent.

2. Over the objection that certain printed circulars with prices of intoxicating liquors were not signed by the defendant and had only a printed signature, and that it was not shown that the defendant had anything to do with the mailing of such circulars to the witness, the trial judge admitted, with the printed matter referred to, testimony to the effect that the witness received such circulars by mail, addressed to him, postmarked "Augusta, Ga.," with printed forms for ordering intoxicating liquors, and envelopes on which were printed the defendant's name, a street number in Augusta, Ga., the number of a post-office box, and a telephone number. From other evidence it appeared that the defendant was engaged in the business of selling liquors in Augusta, Ga., at the street number given on the envelope; and it was testified that intoxicating liquor was received in response to orders sent by mail on such printed blanks and in such envelopes. The defendant, in his statement at the trial, admitted that he "had some circulars printed," and did not deny that he directed the printing or mailing of the circular introduced in evidence. *Held,* that the admission of the evidence objected to was not cause for a new trial.

3. A ground of a motion for a new trial based upon the admission of testimony must show what objection to it was urged at the trial. To say merely that a new trial should be granted because the court erred in admitting the testimony "over the timely objection of movant's counsel," "movant's counsel contending that said evidence was irrelevant," does not show that this contention was made at the trial.

4. There was no error in admitting testimony that in response to a written request signed in the defendant's name, the witness sent to him a mailing list with names taken from the tax-books of the county, and received in payment a check signed in the defendant's name.

5. An instruction to the jury to the effect that the defendant would be guilty if he "mailed, or caused to be mailed, or authorized the mailing, or subsequently ratified and accepted the fruits of a letter or circular" soliciting the sale of intoxicating liquors, etc., was not subject to the exception that it authorized the jury to convict without proof of knowledge as to how such trade was solicited, and whether the letter or circular was mailed by him or any one authorized by him or not.

6. The evidence authorized the verdict.

DECIDED MAY 18, 1916.

Accusation of misdemeanor; from Wilkes superior court— Judge Walker. September 21, 1915.

*C. H. & R. S. Cohen, Colley & Colley, I. S. Peebles Jr.,* for plaintiff in error.

*R. C. Norman, solicitor-general, Z. D. Harrison,* contra.

WADE, J. 1. Since the offense charged is a purely statutory offense (*Youmans* v. *State,* 7 *Ga. App.* 101, 113, 66 S. E. 383), the court did not err in overruling the demurrer to the indictment, which alleged a violation of section 434 of the Penal Code in the terms and language of the code, and so plainly that the nature of the offense charged could be easily understood by the jury. Penal Code, § 954; *Ricks* v. *State,* 16 *Ga.* 600 (3). See, in this connection, *Rose* v. *State,* 1 *Ga. App.* 596 (58 S. E. 20). It is unnecessary to allege the name of the agent through whom, or the agency by which, or the manner in which the solicitation is accomplished, and the connection of the defendant with the solicitation or its subsequent ratification by him is a matter for proof. In *Loeb* v. *State,* 75 *Ga.* 258, an indictment for the analogous offense of furnishing liquor to a minor through a sale by a clerk of the defendant was upheld though the name of the clerk or agent was not stated. It is immaterial whether or not the allegations in the indictment referring to the United States mail and the Southern Express Company, as agencies by and through which the defendant solicited the sale of liquors, were specific, since "allegations in an indictment which are too general and in-

definite to set forth a crime may be treated as surplusage, if there are other averments in the indictment which sufficiently allege the commission of an offense." *Elsbery* v. *State,* 12 *Ga. App.* 86 (76 S. E. 779). In the present indictment it was unnecessary to add: "by and through the United States mails and by and through the Southern Express Company." Under the ruling by this court in *Rose* v. *State,* 4 *Ga. App.* 588, the word "personally," in section 434, would cover solicitation through the mails or through an express company. The effect of that section (Acts 1897, p. 39) is to extend the act of 1893 (Acts 1893, p. 115) so far as soliciting is concerned, and its clear meaning is that a person who sells intoxicating liquor, or solicits its sale in any county of this State, "shall be responsible, whether the act is committed by himself individually, or by any person who is his agent, it matters not what may be the means employed by either to effect the illegal solicitation." *Rose* v. *State,* supra.

2. There was no error in admitting, with the documentary evidence referred to therein, the testimony of witnesses to the effect that they received in Wilkes county, by due course of mail, printed price lists of intoxicating liquors, addressed to them, postmarked "Augusta, Ga.," accompanied by order forms, with which were enclosed envelopes bearing the printed address: "T. F. Cashin, 523 Campbell St., Augusta, Georgia, P. O. Box 620," and a telephone number; it appearing from other evidence that the defendant, T. F. Cashin, was engaged in the business of selling liquor at 523 Campbell street, Augusta, Georgia, and that his telephone number was the same as that printed on these envelopes, and it being testified that liquor ordered by the use of such a blank, forwarded by mail in an envelope addressed as aforesaid, was received in due course by express. Moreover, it does not appear that there was any harmful error in admitting this evidence, since the defendant, in his statement to the jury, admitted that he had "had some circulars printed," and did not deny that the circulars in evidence and the envelopes addressed to him were, by his direction, printed or mailed to the parties who received them, and it was not denied that he was the "T. F. Cashin" named on the envelope, who did business at 523 Campbell street, Augusta, Georgia.

3. There is no merit in the ground of the motion for a new trial that the court erred in allowing the State to introduce in

evidence, "over the timely objection of movant's counsel," a telephone directory of the city of Augusta, "movant's counsel contending that said evidence was irrelevant, there being no proof as to its accuracy or authority." It is unnecessary to refer to this ground of the motion further than to say that the ground in itself does not disclose that the contention of counsel that the evidence was irrelevant was urged at the time the evidence was offered. It must affirmatively appear from the ground of the motion itself that the precise objection there insisted upon was urged at the trial. *Hill* v. *Chastain,* 138 *Ga.* 750 (75 S. E. 1130). If liberally construed, we may surmise that the language, "movant's counsel contending that said evidence was irrelevant, there being no proof as to its accuracy or authority," was intended to assert that the objection therein mentioned was urged *at the time* the evidence was offered; but this is not a necessary inference, and this court can not be left to surmise merely, but the exception must be complete in itself. Movant's counsel may only *now* be so "contending," for the reason now stated.

4. There was no error in admitting testimony of a witness that in response to a written request signed "T. F. Cashin" she forwarded to T. F. Cashin a mailing list for Wilkes county, and received in payment therefor a check for $5, signed by "T. F. Cashin." It appeared that the letters had been lost, and the testimony was plainly relevant, as it related to circumstances tending to connect the defendant with the crime charged. There was no evidence to the contrary, nor did the defendant in his statement to the jury deny that he was the particular "T. F. Cashin" who obtained the mailing list from this witness and sent her a check in payment therefor.

5. It was contended that the following charge of the court was erroneous because it authorized the jury to convict the defendant merely upon proof that he received profits from the sale of liquor, without knowledge on his part as to how such trade was solicited, and because it authorized them to find him guilty if he received the fruits of a printed circular signed with his printed name, whether the circular was mailed by him or any one authorized by him or not. The instruction was: "I charge you, if you believe from the evidence, beyond a reasonable doubt, that the defendant, T. F. Cashin, mailed or caused to be mailed, or author-

ized the mailing, or subsequently ratified and accepted the fruits of a letter or circular, deposited in the United States mail, soliciting the sale of spirituous, malt, or intoxicating liquors, and that such letter or circular was mailed in Augusta, or other point in this State, and that such letter or circular was directed to and received by a citizen of this county, he would be guilty as charged in this indictment." A careful reading of this charge will demonstrate that the exception is without substantial merit. The court distinctly instructed the jury that they were authorized to convict if they believed from the evidence that the defendant "mailed, or caused to be mailed, or authorized the mailing," or if he "subsequently ratified *and* accepted the fruits of a letter or circular," etc. Under this charge it was necessary for the jury to find not only that the defendant accepted the fruits of the solicitation by letter, but that he *also* ratified such solicitation.

6. There were ample circumstances in proof from which the jury were authorized to infer that the accused either himself wrote or mailed solicitations for orders for liquor, or that he directed, or caused, or authorized the writing and mailing of such matter by some clerk, agent, or other person for him, not only beyond a reasonable doubt, but to the exclusion of every reasonable hypothesis save that of the guilt of the accused. Many other hypotheses might be entertained besides the hypothesis of the defendant's guilt, but no other reasonable hypothesis could be deduced by the ordinary mind, in the light of ordinary human experience. The rights of the defendant were sufficiently conserved at the trial, the evidence amply warranted the verdict returned, there is no substantial merit in any of the assignments of error, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Russell, C. J., dissents.*

Russell, C. J., dissenting. I do not think that the printed matter which was admitted was shown to be so connected with the accused as to authorize the introduction of the circulars. The telephone directory was not sufficiently shown to be authentic. And, above all, I am of the opinion that the instruction to the effect that the defendant might be shown to have solicited a sale of intoxicants, if it appeared that he had ratified and accepted money received by means of written or printed orders mailed him, was such error as entitles the accused to a new trial.