R. A. Burge, Jr., v. The State.

No. 7303.   Decided October 24, 1923.

Rehearing denied November 21, 1923.

**1.—Procuring—Indictment—Description.**

Where the indictment was attacked on trial of procuring, that it was too vague and indefinite to charge an offense in that the place was not sufficiently described, and the male person the female was invited to meet was not named, the motion to quash was properly overruled.   Following Carter v. State, 90 Texas Crim. Rep., 248.

**2.—Same—Evidence—Extortion—Blackmailing.**

Where, upon trial of procuring, it was claimed by defendant that the prosecution was instituted as a blackmailing scheme, and the defense sought to prove the declarations of his deceased father with reference to extortion, this proffered testimony was properly excluded, as frequently evidence is lost by the death of the witness.

**3.—Same—Evidence—Practice in Trial Court.**

Where the proffered testimony shows that there is nothing in the record that this testimony even had remote reference to the instant investigation, the court committed no error in refusing to receive it.

**4.—Same—Impeaching Witness—Delinquent Child.**

Where, upon trial of procuring, a certain witness had testified to facts making out a case against appellant, and he sought to impeach the testimony by showing that in 1918 she had been found guilty as a delinquent child, the court committed no error in not permitting such proof, as the statute itself prohibits it.

**5.—Same—Contradicting Testimony—Supporting Testimony.**

Where, upon trial of procuring, defendant had introduced testimony that on the day before the case went to trial the State's witness had denied that defendant was guilty, there was no error in permitting testimony that the witness about ten or fifteen days prior to the trial had made statements which were in substantial accord with the testimony given upon the trial.

**6.—Same—Evidence—Contradicting Witness.**

Where the indictment alleged that appellant invited and solicited his wife to have unlawful sexual intercourse, but she was not used as a witness in the case, the defense could not show that previous to her marriage with defendant she had born an illegitimate child.   Following Mobley v. State, 89 Texas Crim. Rep., 646.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of procuring, the evidence sustained the conviction, there was no reversible error.

Appeal from the County Court of Harris.   Tried below before the Honorable Roy F. Campbell.

Appeal from a conviction of procuring; penalty, a fine of $50.00. The opinion states the case.

*Woods, King & John* for appellant.

R. G. *Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is under Article 498 of the Penal Code, with punishment assessed at a fine of fifty dollars.

The indictment alleges that appellant invited and solicited his wife, Arta Strickland Burge, ''to visit and be at a particular place there situate, to-wit, an automobile, for the purpose of meeting and having unlawful sexual intercourse with a male person.'' The indictment is attacked on the ground that it is too vague and indefinite to charge an offense in that the place is not sufficiently described, and the male person she was invited to meet is not named. The identical questions are settled adversely to the contention in Carter v. State, 90 Tex. Crim. Rep., 248, 234 S. W. Rep., 535.

Appellant, under an assumed name, married his wife. He claimed it was not in contemplation at the time of the marriage that they would live together as husband and wife, but that he had married Arta Strickland and a friend of his, John King, had married Cora, (the girls being sisters) at the instance of the girls to relieve them from parental supervision. It was claimed by appellant that the prosecution was instituted as a blackmailing scheme to extort money from R. A. Burge, Sr., father of appellant. R. A. Burge, Sr. had died before the trial. The defense sought to prove by P. E. Wise that at a certain time he was in the office of Burge, Sr., when a telephone call came to Mr. Burge, who said: "It will be impossible for me to see you before tomorrow;'' that Mr. Burge turned immediately and told Wise the call was from the girl appellant had married, and that she had demanded that he meet her and make a settlement. This proffered testimony was excluded on objection by the State. It frequently happens that evidence which would be pertinent for either the State or defense is lost to them by the death of the witness. The exigency thus arising cannot be made an excuse for violating a rule of evidence. The testimony sought from Wise was purely hearsay and was properly excluded.

Appellant offered to prove by his mother that long prior to the institution of the prosecution, and after appellant had left Houston, she heard foot steps on her porch at night; that upon going to the door she found sticking in the screen this note: ''I have been trying to see you for the purpose of a settlement, but you have refused to see me or make any settlement. If I don't get a settlement tomorrow you can take the consequences.'' The note was unsigned. No effort was made to trace its authorship to appellant's wife or to any one else connected with the prosecution. The mother would have

sworn that in her opinion it was written in a lady's hand. There is nothing in the record to show it even had remote reference to the instant investigation. The court committed no error in refusing to receive the evidence.

Cora King (formerly Cora Strickland) had testified to facts making out a case against appellant. He sought to impeach her by showing that in 1918 she had been found guilty as a delinquent child by the Juvenile Court of Harris County. (Bills of exception four and five). We think the statute on delinquency furnishes a complete answer to appellant's contention that the court committed error in not permitting such proof. The last paragraph of Article 1197, Vernon's Code of Procedure, reads: "A disposition of any child under this Act or any evidence given in such case, shall not in any civil, criminal or other cause or proceeding whatever in any court be lawful or proper evidence against such child for any purpose whatever except in subsequent cases against the same child under this Act."

Complaint is made because the court permitted the assistant district attorney, W. M. Holland, to testify over appellant's objections that he had talked with the witness Cora King (nee Strickland) about ten or fifteen days prior to the trial and that she at that time in detailing the facts pertaining to the offense charged against appellant stated them substantially as testified to by her upon the instant trial. We observe no error on the part of the court in admitting such testimony. Appellant had proven by his mother that on the day before the case went to trial she had talked to said witness over the telephone in which conversation Mrs. King was asked if appellant was guilty of the charge made against him, to which she replied: "Positively no, Mrs. Burge, he is not; Robert (appellant) has always conducted himself as a gentleman in so far as I know, but Johnnie King is the one that I am after."

"Where it is sought to impeach a witness by showing that he or she had made statements with reference to the transaction out of court different from and contradictory to the testimony given on the trial, it is not error to permit the State to support the witness by showing that shortly after the transaction and before any motive or inducement existed to fabricate, the witness made statements of the matter similar to the testimony delivered on the trial."

The foregoing is a quotation from Section 181, Branch's Ann. Penal Code and is supported by the many authorities collated by the author under the section quoted. We observe nothing in the action of the court in admitting the evidence of Holland contrary to the rule there recognized.

Appellant's wife, Arta, was not a witness in the case. Her sister, Mrs. King, was asked if it was not a fact that Arta, previous to her marriage with appellant, had borne an illegitimate child. Upon

objection by the State she was not permitted to answer. Under the authority of Mobley v. State, 89 Texas Crim. Rep., 646, 232 S. W. Rep., 531 the question would perhaps have been pertinent to Arta if she had been a witness against appellant as touching her credibility; but not being a witness we cannot perceive the relevancy of the testimony. It was not a defense to the charge for which accused was upon trial, and therefore not a provable fact against the wife whom he was alleged to have solicited to grant carnal favors to other men after her marriage to him.

We have not thought it necessary to relate at any length the evidence, having stated only so much thereof as made pertinent our discussion of the questions of law presented. No good could result from setting the evidence out in detail. In our opinion it justified the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 21, 1923. Reporter.]