## 29772. ELDER v. THE STATE.

BROYLES, C. J. 1. Upon the trial of an indictment charging the illegal sale and possession of intoxicating liquor in a dry county, a certified copy from the records of the Internal Revenue Collector for the State of Georgia, showing that the defendant has paid a special U. S. tax as a wholesale liquor dealer for the year in question, is admissible as prima facie evidence of his guilt and puts the burden of proof on him. *Huckabee* v. *State*, 7 *Ga. App.* 677 (67 S. E. 837); *Daniel* v. *State*, 11 *Ga. App.* 799 (2) (76 S. E. 162); *Heimer* v. *State*, 16 *Ga. App.* 588 (5) (85 S. E. 821); Code, § 58-113.

(a) While section 58-113 of the Code provides that in the prosecution of any person or corporation for any violation of the intoxicating liquor laws, "any application for an internal revenue special tax receipt of the United States, as required by the laws of the United States, or any internal revenue special tax receipt as required by said laws for retail or wholesale of spirituous, malt or intoxicating liquors in this State, shall be prima facie evidence of guilt, and shall be sufficient to charge the burden of proof on the defendant in any such case," the

above-quoted provisions of the section are substantially and sufficiently complied with when the prosecutor, in a trial on an indictment for the illegal sale or possession of intoxicating liquor, introduces a certified copy from the records of the Internal Revenue Collector for the State of Georgia showing that the accused has paid a special tax as a retail or wholesale liquor dealer for the year in question. In such a case the certified copy is admissible in evidence and makes out a prima facie case of the defendant's guilt.

2. Applying the foregoing rulings to the facts of this case, the certified copy from the records of Marion H. Allen, the Internal Revenue Collector for the State of Georgia, showing that the accused had paid a special tax as a wholesale liquor dealer for the year in question, was admissible in evidence against him, and made out a prima facie case of the offenses charged (selling and possessing intoxicating liquor). The defendant introduced no evidence and the jury were amply authorized to find from his statement to them that the prima facie case made out by the prosecutor was not rebutted by said statement. "Where the only effort to carry this burden [of rebutting a prima facie case] is by the statement of the accused, the question is exclusively for the jury." *Cooper* v. *Fort Valley*, 13 *Ga. App.* 169 (2) (78 S. E. 1097).

3. Under the above-stated rulings, the conviction of the defendant on both counts of the indictment (count 1 charging the selling of intoxicating liquor, and count 2 charging the possession of such liquor) was amply authorized.

4. The excerpts from the charge, complained of in the special grounds of the motion for new trial, considered in the light of the entire charge and the facts of the case, show no cause for a reversal of the judgment.

5. The remaining special ground complains of the failure of the court to charge and interpret that part of Regulations 20 of the Bureau of Internal Revenue, issued by the United States Treasury Department in 1940, p. 21, § 194.13, which reads as follows: "Every person who sells or offers for sale foreign or domestic distilled spirits, wines or malt liquors in quantities of five wine gallons or more to the same person at the same time is a wholesale dealer in liquors and shall pay the special tax imposed." The failure to so charge was not error, especially so since no timely written request for the charge was presented to the court.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED OCTOBER 13, 1942. REHEARING DENIED NOVEMBER 3, 1942.

*G. A. Johns,* for plaintiff in error.
*Hope D. Stark, solicitor-general,* contra.