## 30366. DAY *v.* THE STATE.

DECIDED FEBRUARY 19, 1944. REHEARING DENIED MARCH 24, 1944.

820

H. A. Allen, Gertrude Harris, for plaintiff in error.

Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, contra.

BROYLES, C. J. (After stating the foregoing facts.) It is argued in the brief of the able counsel for the accused that the accusation as a whole, and especially counts one and three, were subject to the demurrers interposed, in that the accusation as drawn "failed to put the defendant on notice of just what he was charged with, and failed to give him sufficient information to enable him to prepare his defense;" and many cases are cited in support of that proposition. Counsel argues that if counts one and three are held to be good, then all defendants hereafter are deprived of the right to adequately prepare their defenses by being given enough information to know what witnesses to summon. He further states: "Yes, even more, if this method of criminal pleading is to become the law of this State, it would be possible to indict a man for murder without giving the name of the man he is alleged to have killed." We can not agree with this contention. In an indictment for murder, it is necessary to give the name of the person alleged to have been killed because the gist of the offense is the killing of a particular individual, while in an accusation for soliciting for a prostitute the gist of the offense is the harm done society by such unlawful solicitation, and not an injury to the individual solicited. Thus, in an accusation for gaming, it is not necessary to specify the particular game played, or to give the names of those who played with the accused, where no particular game is charged in the accusation. *Hicks* v. *State*, 16 *Ga. App.*

228 (84 S. E. 837); *Woody* v. *State,* 113 *Ga.* 927 (2) (39 S. E. 297). "An indictment for selling intoxicating liquor . . . need not name the person to whom the liquor was sold. This court declines to review and overrule previous decisions of the Court of Appeals to the same effect, or to request the Supreme Court to overrule numerous decisions of that court announcing the same ruling." *Daniel* v. *State,* 11 *Ga. App.* 799 (76 S. E. 162). In *Cashin* v. *State,* 18 *Ga. App.* 87 (88 S. E. 996), where the accused was charged with soliciting orders for liquor, this court held that it was not necessary to allege the name of the agent through whom, or the agency by which, or the manner in which the solicitation was accomplished. "Following the previous decisions of this court in dealing with indictments for selling spirituous liquors unlawfully, a special presentment under section 446 of the Penal Code (Code 1882, § 4570) need not, even as against a special demurrer, allege the name of the person to whom the liquor is charged to have been sold, given or furnished." *Newman* v. *State,* 101 *Ga.* 534 (2) (28 S. E. 1005). "Indictment alleging that defendant invited and solicited his wife, naming her, 'to visit and be at a particular place there situate, to wit, an automobile, for the purpose of committing and having sexual intercourse with a male person,' *held* to charge a violation of Penal Code 1911, Art. 498, as against the contention that it was too vague and indefinite, in that . . . the male person she was invited to meet was not named." Burge *v.* State, 96 Tex. Cr. App. 32 (255 S. W. 754). In Sanders *v.* State, 60 Tex. Cr. App. 34 (129 S. W. 605), the court said: "It will be noted that it is not the participation in the immoral conduct or the unlawful sexual intercourse that is condemned under this article, but it is the soliciting, procuring, or alluring a female to visit or be at a particular house, or room, or place for that purpose, and since the statute is not punishing for the unlawful sexual intercourse or immoral conduct, it becomes unnecessary to set out the name or names of the man or men whom the female is expected to meet." Under the foregoing decisions, and the facts of the instant case, we hold that the overruling of the demurrers to the accusation was not error. If there be any conflict between this ruling and that of *Lasseter* v. *State,* 17 *Ga. App.* 323 (86 S. E. 743), the *Lasseter* case is herewith reviewed and overruled.

The verdict was a general one of "guilty," and a special assignment of error in the petition for certiorari complains of a charge by the judge in which he construed the three counts of the accusation as charging only one offense, counsel for the accused contending that each count charged a separate offense, and that two of the counts were not supported by any evidence, and that the charge of the court mislead the jury into finding a general verdict of guilty, which meant guilty on all three counts. In our opinion, the accusation, although in three counts, charged only one transaction, to wit, soliciting for two named prostitutes, although the language of the counts varied to meet the chance of any variance in the proof. Each of the counts charged that the illegal transaction occurred on the same day, and the accusation, properly construed, refers to only one transaction which was set forth in different ways in the counts. "Where an indictment contains two counts, both charging the commission of the same felony, but in different ways, a general verdict is not contrary to the evidence if either one of the counts be supported by proof." *Bowen* v. *State,* 47 *Ga. App.* 9 (2) (170 S. E. 104). The charge of the court was not error.

The verdict was amply authorized by the evidence; and the overruling of the certiorari was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*