34101.   BENNEFIELD *v.* THE STATE.

DECIDED JUNE 13, 1952.

*Brannon & Brannon*, for plaintiff in error.

*C. E. Smith Jr., Solicitor*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Code § 27-701 provides that every accusation shall be deemed sufficiently correct which states the offense in the terms and language of the Code, or so plainly that the nature of the offense may be easily understood by the jury. Count 1 of the accusation is substantially in the language of Code § 26-6201, and the objection raised by demurrer, that it does not name the person allegedly solicited for the purpose of prostitution and did not put the defendant on notice of any particular charge sufficiently to enable him to prepare his defense, was held insufficient in *Day* v. *State*, 70 *Ga. App.* 819, 820 (29 S. E. 2d, 659). The names of the women were given in each of the other counts of the accusation.

Count 2, charging the defendant with assisting in "transporting . . on foot and by automobile, two [named] females to a wood and field near Flowery Branch, Georgia, for the purpose of lewdness, assignation and prostitution" is substantially in the language of Code § 26-6201, and is not subject to the objections that it does not show how the transportation was effected or for whom the defendant agreed to transport the girls. *Day* v. *State*, supra. The gist of the offense lies in the act of

transporting, rather than relating to the person for whom such transportation is effected. *Sanders* v. *State,* 59 *Ga. App.* 754 (1) (2 S. E. 2d, 137).

Count 3 alleges, in the language of Code (Ann. Supp.) § 26-6204, that the defendant did "knowingly accept, receive, levy and appropriate money and other things of value without consideration . . from the proceeds of a woman engaged in prostitution" and is not subject to demurrer for failure to allege "what defendant is alleged to have accepted from the proceeds alleged to have been taken" for the reasons above set forth. The trial court did not err in overruling these demurrers.

■ The first special ground of the amended motion for a new trial assigns error on lack of proof that the alleged crimes were committed in Hall County, Georgia. In *Climer* v. *State,* 204 *Ga.* 776 (2) (51 S. E. 2d, 802), it is held that "evidence as to venue, though slight, is sufficient where there is no conflicting evidence." Where the evidence strongly and decidedly tends to show that the offense was committed in the county where the trial is held, and there is no evidence warranting even a bare conjecture that it was committed elsewhere, the venue is sufficiently proved. *Martin* v. *State,* 193 *Ga.* 824 (4) (20 S. E. 2d, 266); *Wardlow* v. *State,* 66 *Ga. App.* 575 (4) (18 S. E. 2d, 571). The girls were not certain what county they were in; that is, where the county lines were drawn, but they did testify with great particularity as to the roads they traveled with reference to Oakwood, Flowery Branch, the river and other landmarks, and the sheriff, who heard this testimony, testified that he had identified the locations they gave, including the dirt road on which the assignation took place, and that these places were all within Hall County. The venue was thus proved with reasonable certainty, and this contention is without merit.

■ During the course of the trial, the solicitor, on direct examination, asked one of the State's witnesses what the other girl did in the woods. The reply was: "Had intercourse with each other." On cross-examination counsel for the defendant established that the witness did not see this act and that her testimony was hearsay. The court thereupon instructed the jury that the evidence was excluded, that they should not consider it, and that they should keep an open and impartial mind.

The solicitor, on redirect examination, then stated that he thought he could get the testimony back in, and asked the witness whether this statement was not made in the defendant's presence. Upon the witness replying in the negative, the defendant moved for a mistrial. The court overruled the motion, again instructing the jury that they should disregard such testimony in its entirety. The overruling of the motion for a mistrial was not error, nor was it error to fail to reprimand the solicitor, since his question was proper for the purpose of establishing whether or not the statement had been made in the defendant's presence. Presumably, had it been so made, the solicitor would have sought to establish that the defendant acquiesced therein for the purpose of having the testimony readmitted. The judge twice cautioned the jury in detail not to consider this testimony, and this same fact was otherwise established by direct evidence. This ground is without merit.

■ Testimony by a nurse at Alto Medical Center was admitted without objection to the effect that at that station they treated only venereal diseases, and that on May 23 and 24 the defendant was given two penicillin shots of six hundred thousand units each. The county health officer testified that one of the two girls named in the indictment, whom he identified on the stand, was given as a "contact"; that he examined her and diagnosed her case as gonorrhea; that this disease develops in from one day to two weeks from contact; that she was given an identical treatment to that given the defendant and was re-examined and pronounced cured. The latter part of this testimony was objected to on the ground that it put the defendant's character in issue and was immaterial and irrelevant, and the objection overruled.

Although the defendant was acquitted on count 4 of the indictment, charging him with adultery with this girl, the testimony offered was admissible as a circumstance tending to prove that the parties had had intercourse, thereby spreading the infection. Where evidence is relevant and material, it is not objectionable merely because it is prejudicial or because its effect is incidentally to put the defendant's character in issue. *Owensby v. State*, 149 *Ga.* 19 (1 a) (98 S. E. 552); *Howell v. State*, 162 *Ga.* 14, 22 (134 S. E. 59). In *Camp v. State*, 179 *Ga.* 292 (175

S. E. 646), cited by the defendant, the judgment was reversed because the testimony offered for the purpose of showing that the witness had gonorrhea was hearsay. While we agree with the opinion therein to the effect that such testimony is always likely to be prejudicial, the same reason for excluding it does not here exist.

■ The assignment of error in the 4th special ground in which the court, in a colloquy with counsel over the admissibility of evidence said "she stated that intercourse with—that she had intercourse with a man coming back from Dawsonville," and "she speaks of another occasion when some other person was in the back seat of an automobile. . . I think the solicitor might lead her in order to fix the place that it occurred," is without merit. The court was obviously stating what the testimony had been, as a basis for admitting further testimony, and not expressing an opinion as to what had been proved.

■ Any error in the charge of the court that the State must prove the crime was committed within "two years from the date of the accusation," rather than "two years prior to the date of the accusation," is harmless, there being no dispute that all of the alleged acts were committed within the statute of limitations and prior to the accusation issued against the defendant.

■ Count 4 of the accusation charged the defendant with adultery, and count 5 charged him with fornication and adultery. The court properly defined these offenses, and there is no merit in the sixth special ground of the amended motion for a new trial which complains that the charges on these offenses were not separated so as to show to which count the court was referring. The charge, taken in connection with the accusation which the jury had before it, clearly defined the offenses and the punishment for each.

There was no error in the judgments overruling the demurrers to the accusation and the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur*