## 48137. COLLINS v. THE STATE.

EBERHARDT, Presiding Judge. The defendant was indicted and convicted of the offense of aggravated assault under Code § 26-1302. It appears from the evidence that he and a girl friend, Mrs. Dorothy Jordan, rode up to a service station at night and stopped in an area where service was not afforded to customers after dark. Mrs. Jordan called to an attendant and asked for six packages of cigarettes and the attendant replied that she would have to come to the area where cigarettes were kept. An argument and some cursing ensued and defendant and Mrs. Jordan testified that the attendant reached over into the automobile and struck defendant, but the attendant and his brother, who also worked at the station, testified that this was not true, and that defendant stuck a pistol out of the car window and shot at the attendant's brother, that the attendant knocked the gun away as defendant started firing and returned to the station office, got a gun and returned. In the meantime defendant had shot the attendant's brother. Defendant admitted that he shot three times and drove away, and as he drove out the attendant shot once at the car.

Mrs. Jordan testified for the defendant, and on cross examination she was asked if she were not making the statements she was making in her testimony because she was afraid of the defendant, to which she replied, "No, I am not afraid of him." Then she was asked if it were not true that the defendant shot her on a prior occasion. Defendant's counsel objected to this question and the answer it would elicit on the ground that it amounted to introducing the defendant's character in evidence by proof of an entirely separate offense at a different time, when he had not elected to place his own character in evidence.

After conviction the state offered on the sentence hearing an indictment to which defendant had entered a plea of guilty, and objection was urged on the ground that the record showed no counsel representing him at the time, and that there was no showing that the plea had been entered freely and voluntarily. *Held:*

1. The general grounds are without merit.

2. The information sought from Mrs. Jordan by way of cross examination was for the purpose of impeaching or discrediting her testimony, and not for proving that the defendant had committed this or another offense, or for showing his character. A defendant's character is not placed in evidence in the sense

that doing so is proscribed where the evidence, offered for another purpose, may tend incidentally to do so (*Owensby v. State,* 149 Ga. 19 (1) (98 SE 552); *Howell v. State,* 162 Ga. 14, 20 (134 SE 59)), as for example, testimony that the defendant was seen in a police car (*McGaskey v. State,* 115 Ga. App. 627 (1) (155 SE2d 817)); or that for identification his picture was picked by the victim from a police album (*Martin v. State,* 225 Ga. 234 (167 SE2d 638)); or from a "mug shot" (*Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73)); or that he had been seen in court three times (*Cherry v. State,* 220 Ga. 695 (3) (141 SE2d 412)); or that he was identified by a policeman (*James v. State,* 223 Ga. 677 (11) (157 SE2d 471)); or by testimony that defendant's father had said that defendant was "drunk and would get into trouble, and that he was pretty bad when drinking" (*Clifton v. State,* 187 Ga. 502 (5) (2 SE2d 102)); or by evidence that he was on trial in another court (*Creamer v. State,* 229 Ga. 704, 708, supra); or that he was using a car bearing an improper tag (*Callahan v. State,* 229 Ga. 737, 742 (194 SE2d 431)); or that defendant (charged with soliciting for prostitution) had been treated for venereal disease (*Bennefield v. State,* 86 Ga. App. 285, 288 (71 SE2d 760)). The rule applies to evidence elicited on cross examination. *Daugherty v. State,* 225 Ga. 274 (2) (168 SE2d 155). This ground is without merit.

3. The admission of the indictment on which defendant had, without counsel, entered a plea of guilty, and without any showing that the plea was entered freely, voluntarily and intelligently, was error. Burgett v. Texas, 389 U. S. 109, 115 (88 SC 258, 19 LE2d 319); United States v. Tucker, 404 U. S. 443 (92 SC 589, 30 LE2d 592); *Clenney v. State,* 229 Ga. 561, 563 (4) (192 SE2d 907). The sentence is, therefore, void, and the case is remanded for the purpose of a new trial on the issue of punishment only.

*Judgment affirmed as to the defendant's conviction; reversed as to the sentence and remanded for a new trial on that issue only. Pannell and Stolz, JJ., concur.*

SUBMITTED MAY 2, 1973 — DECIDED MAY 11, 1973.

*Stanley P. Herndon,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Morris H. Rosenberg, Richard Hicks,* for appellee.