## 11703.  MORRIS *v.* THE STATE.

A conviction of simple larceny was authorized by the evidence, from which it appeared that at the instance and direction of the defendant another person stole money from a trunk and gave it to the defendant, who was present aiding and abetting the act, and who on receiving the money secreted it and privately carried it away.

A principal in the second degree may be convicted under an indictment charging him as principal in the first degree.

DECIDED DECEMBER 16, 1920.

Indictment for larceny; from Milton superior court — Judge Humphries presiding.  May 22, 1920.

*Howell Brooke, Clay & Blair,* for plaintiff in error.

*John T. Dorsey, solicitor-general, William Bull,* contra.

LUKE, J.  The accused was convicted of simple larceny, and moved for a new trial upon the usual general grounds only. There was abundant evidence tending to show the larceny of $500 in money, as alleged; and that another person, at the instance and direction of the accused, actually stole the money from a trunk in which the owner was keeping it, and then and there gave it to the accused, who was present, aiding and abetting the act to be done, and who, with knowledge of all the facts, took the money, secreted it, and privately carried it away from the premises.  The sole contention of counsel for the plaintiff in error is that, if any offense is shown by the evidence, it is not the offense of simple larceny, but is the offense of knowingly receiving stolen goods.  A conspiracy to commit the alleged crime having been shown, the act of one conspirator, in furtherance of the common enterprise, became, in contemplation of the law, the act of both.  And a principal in the second degree may be convicted under an indictment charging him as principal in the first degree.  See Park's Penal Code, § 42, and annotations under the catchwords "Conspiracy" and "Indictment."  The court did not err in overruling the motion for a new trial.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*