20438. CRAWFORD *v.* THE STATE.

DECIDED MAY 14, 1930.

*C. W. Worrill,* for plaintiff in error.

*B. T. Castellow, solicitor-general, Bond Almand,* contra.

LUKE, J. W. J. Crawford was indicated for assault with intent to murder for shooting C. H. Canington with a pistol. The jury found the defendant guilty of shooting at another, his motion for a new trial was overruled, and he excepted.

Over objection of counsel for the accused the court allowed the jury, accompanied by the sheriff, the lawyers in the case, and C. H. Canington, the prosecutor, to leave the court-room and inspect the automobile in which the prosecutor was seated when he was shot, under instruction that the prosecutor had been directed to point out the automobile, "and where it is claimed by him the bullet entered through the curtain." It further appears from the exception that the prosecutor seated himself under the steering-wheel of the automobile, and placed his finger in the hole he claimed the bullet went through. It appears also from the exception that the court specifically designated the persons who were to go with the jury to the automobile, and the defendant was not one of them. The exception shows also that the judge stated that he would accompany the solicitor to the automobile.

Our constitution gives a defendant the right to be confronted by the witnesses against him. Civil Code (1910), § 6361. "The defendant in a criminal case, whether felony or misdemeanor, has the right to be present in person and by his attorney during every stage of the trial, from the arraignment to the verdict; and this right can not be waived by the attorney, except by the express authority of the defendant." *Lyons* v. *State, 7 Ga. App.* 50 (2) (66

S. E. 149). We are satisfied that the foregoing ground discloses reversible error, and so hold. The three remaining grounds of the motion for a new trial concern questions which are not likely to recur upon a new trial, and it would answer no good purpose to pass upon them here.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*