## 38221. WHITEHEAD v. THE STATE.

CARLISLE, Judge. 1. The defendant was tried in the Superior Court of Newton County on a charge of selling beer without a license. One of the State Revenue Agents testified that he went to the defendant's place of business on July 24, 1959, and purchased from the defendant a case of tax-paid beer "half-Bud and half-Schlitz." The Commissioner of Roads and Revenues of Newton County testified that he had never issued to the defendant a license to sell beer. This evidence was sufficient to authorize the verdict of guilty.

2. The sole special ground of the motion for a new trial complains because the trial court permitted a witness for the State to testify that, when they went to arrest the defendant in September, they found 72 cases of assorted beer on his premises. The sole objection made to this evidence as shown by this ground of the motion was as follows: "Movant objected to the evidence before the answer was given because defendant was being tried for the sale of beer without a license as purportedly took place in July and the arrest was made in September. Said statement was prejudicial and immaterial to movant and further movant did not receive a receipt or notice of how much beer was seized. Therefore, it being illegally taken could not be used in any manner as evidence against movant." It is fundamental that a ground of a motion for a new trial complaining of the admission of evidence over objection must state what objection was made. *Jacobus* v. *Wood*, 84 *Ga.* 638 (4) (10 S. E. 1099) ; *Wheelwright & Co.* v. *Aiken*, 92 *Ga.* 394 (1) (17 S. E. 610) ; *McMichael* v. *Atlanta Envelope Co.*, 151 *Ga.* 776 (3) (108 S. E. 226) ; *Ready-Mix Conc. Co.* v. *Rape*, 98 *Ga. App.* 503, 517 (8) (106 S. E. 2d 429). Furthermore, for the objection stated to be valid it must be more than a mere general objection to evidence, and a ground of the motion for a new trial which merely states that evidence was admitted over objection is not sufficient to present any question for this court's decision (*Kimball* v. *State*, 63 *Ga. App.* 183 (1), 10 S. E. 2d 240), and a mere general objection to evidence that it is immaterial, inadmissible and prejudicial is too general to present any question for decision. *Hayes* v. *State*, 36 *Ga. App.* 668, 669 (1e) (137 S. E. 860). The statement that the defendant objected to the evidence because he was being tried for the sale of beer without a license

which purportedly took place in July and the arrest was made in September did not amount to the statement of any objection to the evidence. If the second sentence quoted above which begins, "that said statement was prejudicial and immaterial to movant," may be interpreted as the statement of an objection that was made to the trial judge, it likewise is insufficient to present any question for decision under the foregoing rulings. Accordingly, the trial judge did not err in overruling the single special ground of the motion for a new trial.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED APRIL 15, 1960.

John L. Jernigan, for plaintiff in error.
Richard Bell, Solicitor-General, contra.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*