## 38414. MILLEDGE v. BOYETT.

FRANKUM, Judge. 1. An assignment of error in an amended motion for a new trial on the overruling of a general objection to the admission of evidence which does not set forth the grounds of objection is not sufficient to present a question for review. *Howard Supply Co. v. Bunn,* 127 Ga. 663 (56 S. E. 757); *Whitehead v. State,* 101 Ga. App. 524 (114 S. E. 2d 379). Therefore, special ground 5 is without merit. See *Stonecypher v. Elliott,* 181 Ga. 438 (182 S. E. 587). Likewise, special ground 6 of the motion does not raise a question for determination, because no proper objection appears in the

record to the trial judge's remarks in admitting certain evidence. The plaintiff in error did not make a motion for a mistrial. *Perdue v. State,* 135 Ga. 277(1) (69 S. E. 184); *Schwall v. Quitman Oil Co.,* 21 Ga. App. 396 (94 S. E. 648). Special ground 7 assigns as error the admission of certain evidence over the objection that such evidence was "wholly inadmissible." Such objection is insufficient to present a question for review. *Georgia Power Co. v. Hendricks,* 97 Ga. App. 369 (103 S. E. 2d 601); *McDonald v. State,* 21 Ga. App. 125 (94 S. E. 262).

2. The remaining special grounds of the motion for a new trial raise the question of whether the trial judge erred in the charge to the jury relative to the measure of damages. A well-known rule is that an error in a charge on the measure of damages is not usually prejudicial in cases where the verdict is for the defendant, because the question of damages is eliminated by the jury's finding of nonliability on the part of the defendant—hence, the question of damages is not reached by the jury. *King v. Sharpe,* 96 Ga. App. 71 (99 S. E. 2d 283); *Eddleman v. Askew,* 50 Ga. App. 540 (179 S. E. 247). Another well-known rule of equal standing is found in *Pelham Mfg. Co. v. Powell,* 6 Ga. App. 308, 314 (64 S. E. 1116): "If the propositions of law are erroneous, the error is presumably prejudicial, and the entire record will be reviewed to ascertain if the plaintiff in error has been injured by the giving of such erroneous instructions." An instruction to a jury which is erroneous in some respects regarding the measure of damages where the verdict is for the defendant is not of such harmful nature as to bring about a reversal, unless such charge eliminates or restricts the right of the jury to find damages in any amount. Under the court's charge and the evidence, the jury would have been authorized to find damages in favor of the plaintiff. The jury found no liability on the part of the defendant for damages in any amount. Therefore, it is evident the jury did not reach the consideration of damages; hence, no harmful error appears.

3. The general grounds of the motion are without merit. Under the evidence of the case, the jury could have well believed the defendant to be traveling within the speed limit allowed by law, and not otherwise negligent. The weight of the evidence and the credibility of the witnesses are for the jury. *Whitten v. State,* 47 Ga. 297, 300. The appellate courts do

not pass on the weight of the evidence, but look only to see if the verdict can be sustained under any reasonable view. *Bibb Cigar & Candy Co. v. McSwain,* 95 Ga. App. 659 (98 S. E. 2d 128); *Wallace v. State,* 77 Ga. App. 434 (48 S. E. 2d 696); *Sheppard v. Burns,* 40 Ga. App. 496 (150 S. E. 434).

A verdict for the plaintiff was not demanded by the evidence.

*Judgment affirmed. Townsend, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 25, 1960.

*Neville & Neville, W. G. Neville, Lee S. Purdom,* for plaintiff in error.

*Memory, Barnes & Memory, S. F. Memory, Jr.,* contra.