### 23413. WHITUS v. THE STATE.

DUCKWORTH, Chief Justice. Various aspects of this case have been in the State and Federal courts in *Whitus v. State,* 216 Ga. 284 (116 SE2d 205); *Whitus v. State,* 112 Ga. App. 328 (145 SE2d 83); and Whitus v. Balkcom, 333 F2d 496. See also *Whitus v. State,* 222 Ga. 103. The appeal here is to a denial of a special plea in which the accused complains that he has not been (1) arrested under a proper warrant; (2) properly arraigned; (3) brought before a magistrate for commitment; and (4) the true bill of the April term of the 1965 grand jury is void. He specifies as error the above as violations of the Fourth, Fifth, Sixth and Fourteenth Amendments of the Federal Constitution and the

laws of the State of Georgia in reference thereto by denying him privileges and immunities, due process and equal protection, and any arraignment, however formal, is therefore absolutely void, and the true bill of the grand jury is void, being so abbreviated in form as to fail to constitute an indictment against him. *Held:*

1. Neither the brief of counsel nor the enumeration of errors points out any deficiencies in the warrant, and an examination of same fails to disclose any. See *Code Ch.* 27-1. Further, this accused has been re-indicted since his arrest, incarceration, conviction, and the setting aside of same by the Federal courts in Whitus v. Balkcom, 333 F2d 496. There is no merit in the complaint as to the warrant.

2. A reading of the indictment shows it contains sufficient language to charge the accused with the crime of murder, the person he killed and how that person was killed by the accused. It satisfies every constitutional requirement and is not subject to the attack made.

3. While the testimony in support of the plea shows without contradiction by the testimony of the accused that he was never carried before a committing magistrate, all questions as to the denial of due process, equal protection and denial of privileges and immunities are no longer of question here since the accused has been re-indicted and formally arraigned after his previous trial, conviction, review, and the setting aside of the conviction by the Federal courts following Whitus v. Balkcom, 333 F2d 496, in which the State was allowed a period of eight months after the entry of judgment to re-indict and retry the accused. Having seen, heard, and had the opportunity to cross examine witnesses against him during the previous trial, he was given every right guaranteed him by the Constitution; and while no committal hearing was apparently given him, under the evidence shown, as required by *Code* §§ 27-208—27-210, and Ga. L. 1956, p. 796, the re-indictment of the accused after his previous trial, conviction, review, and the setting aside of same, satisfies every constitutional requirement as well as Georgia law. Likewise, the indictment shows he was thereafter formally arraigned, waived copy of the indictment and list of witnesses against him as signed by his attorney, and this is not denied. There is no merit shown in the appeal

or specifications of error. This case differs on its facts from *Manor v. State*, 221 Ga. 866 (148 SE2d 305).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 11, 1966—DECIDED APRIL 12, 1966.

*P. Walter Jones, Morris Brown,* for appellant.

*Fred B. Hand, Jr., Solicitor General, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.