## 43647. DANIEL v. THE STATE.

PANNELL, Judge. 1. The defendant was indicted for the offense of "Felony (possessing automobile with serial plate removed) for that said accused, in the County of Fulton and State of Georgia, on the 28th day of January, 1967, did unlawfully possess one Toronado Oldsmobile two-door hard top automobile, a motor vehicle, of the value of $3,200, and the property of Hall Oldsmobile, Inc. knowing that an identification number of said automobile had been removed and falsified, with intent to conceal and misrepresent the identity of said automobile;—contrary to the laws of said State, the good order, peace and dignity thereof." The description of the automobile as "one Toronado Oldsmobile two-door hard top automobile, a motor vehicle, of the value of $3,200, and the property of Hall Oldsmobile, Inc." was a sufficient identification of the automobile. The trial court did not err in overruling the demurrer thereto based thereon. *Glass v. State,* 26 Ga. App. 157 (106 SE 13) and *Sloan v. State,* 68 Ga. App. 92 (22 SE 333), relied on by appellant, do not require a different ruling.

2. Where a motion to quash the indictment on the ground that defendant had not been granted a demanded commitment hearing (see *Whitus v. State,* 222 Ga. 116, 117 (3) (149 SE2d 138); distinguishing *Manor v. State,* 221 Ga. 866 (148 SE2d 305)) is overruled, such action of the trial judge will be affirmed in the absence of a showing that such demand was made. The mere statement of a fact in a motion is not proof of the fact. Whether, if such fact had been proven, such a motion should be sustained is not decided.

3. At the hearing on the motion to suppress certain evidence obtained pursuant to a search of the defendant's apartment under a search warrant and at the time the defendant was arrested under a warrant, the evidence was sufficient to show probable cause for the issuance of the warrant and that the articles sought might probably be found in the described premises. That these articles were not found, but that similar documents by means of which the identity of the automobile was sought to be concealed were found and seized, does not render the documents found and seized inadmissible in evidence, the search being lawful. See Abel v. U. S., 362 U. S. 217 (80 SC 683, 4 LE2d 668); Zap v. U. S., 328 U. S. 624 (66 SC 1277, 90 LE 1477); Marron v. U. S., 275 U. S. 192 (48 SC 74, 72 LE 231). The trial court, therefore, did not err in overruling the motion to suppress and in admitting the evidence over objection.

4. The fact that a witness for the State had been impeached by the State, as unworthy of belief, in a previous trial of the witness, is not ground for refusing to permit this witness to testify in the present case. See *Code* § 38-1603. There is nothing in Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215), requiring a different ruling.

5. Various objections were made to the testimony of a witness for the State on the ground that the court refused to allow counsel for the defendant to examine the entire statement of the witness which was in the possession of the State. After quite a bit of discussion and argument, the prosecuting attorney "hurriedly" reviewed the statement and assembled the part he thought pertained to the case being tried, but the trial judge was not satisfied with that and he recessed the court, examined the statement and concluded that the parts offered by the prosecuting attorney were all the parts relating to the matters at issue. Defendant's counsel was allowed to examine these portions of the statement. There was no error as to the accused in this proceeding. There is no rule in Georgia entitling the accused to examine evidence in the possession of the prosecution. *Bryan v. State,* 224 Ga. 389, 390 (2) (162 SE2d 349). Even if the Federal rules apply, this was a sufficient compliance therewith. See Jencks v. U. S., 353 U. S. 657 (77 SC 1007, 1 LE2d 1103).

6. There was no error on the part of the court in refusing to recess court in order to give counsel for the defendant time to

check the veracity of certain testimony given by this witness, nor did the court err in not allowing the reopening of the case prior to the verdict to develop similar evidence. Counsel for the defendant knew that in all probability this witness would testify in the case and it was not shown that counsel had any probable cause to suspect that he could refute the statements of this witness in connection with the matters involved.

7. The court permitted a police officer to tell of conversations he had with Erby Daniel a relative of the defendant, which testimony, quoting Erby Daniel, showed alleged inconsistencies with defendant's "words and conduct." This evidence was adduced for the purpose of illustrating the conduct of an officer and why he took a trip to a particular locality. It was admissible for this purpose, even though the defendant offered to stipulate that the officer went to that particular locality as a result of this particular conversation. *Griffie v. State,* 107 Ga. App. 356 (1) (130 SE2d 149) ; *Kelley v. State,* 82 Ga. 441 (3) (9 SE 171) ; *Jones v. State,* 224 Ga. 283 (161 SE2d 302) ; *Code* § 38-302.

8. Enumeration of error 9 is as follows: "The court erred in charging the jury that the defendant had denied she made certain admissions, the defendant not having done so in her testimony." In Part 2 of her brief, the defendant argues this enumeration as follows: "Enumeration No. 9 relates to the court's charge that defendant denied admissions when in fact she did not. It is submitted that the tendency of such charge is to make the jury become confused and think she did so, thus reflecting adversely and prejudicially on her credibility." In Part 1 of the brief the following appears: "In charging the jury the court stated that defendant denied that she had made admissions freely and voluntarily (T-288). Counsel excepted to this charge on the ground that defendant had not done so (T-294). The court said the plea of not guilty denied such. Counsel stated that it tended to pose an issue to the jury that was not there. It is defendant's contention that the charge would make a jury think she is denying something when she is not and thus reflect on her credibility." An examination of the reference shows that the charge related to the denial that admissions had been freely and voluntarily made. This is entirely different from the subject matter of the enumeration of error, and the defendant cannot by brief

substitute a new and different enumeration for the one actually and clearly made. *Rawls Bros. Co. v. Paul*, 115 Ga. App. 731, 735 (4) (155 SE2d 819). Nor, under these circumstances, where the enumeration of error is clearly made, does Section 3 of the Act approved April 8, 1968 (Ga. L. 1968, pp. 1072, 1074) amending Section 13 of the Appellate Practice Act as amended (*Code Ann.* § 6-809) apply. The Act of 1968 added a Paragraph (d) to Section 13 which, so far as here material, reads as follows: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing . . . what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding . . . that the enumeration of errors fails to enumerate *clearly* the errors sought to be reviewed."

9. The Act approved August 19, 1918 (Ga. L. 1918, pp. 264, 265) was codified as Section 68-9916 of the Code of 1933, and as so codified, reads: "It shall be unlawful to buy, steal, sell, receive, or dispose of, conceal, or have in possession, any automobile, motor vehicle, bicycle, motorcycle, or any other machine propelled by gasoline or electricity, from which the manufacturer's serial number or any other distinguishing number or identification mark has been removed, defaced, covered, altered, or destroyed for the purpose of concealment or misrepresenting the identity of said motor vehicle, automobile, bicycle, motorcycle or other such machine. Whoever shall knowingly be guilty of the violation of this section shall be held and deemed guilty of a felony, and upon conviction thereof shall be punished by confinement and labor in the penitentiary for not more than ten years and not less than one year." The Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68 et seq.) in Paragraph (d) of Section 34 thereof (*Code Ann.* § 68-434a) provides: "A person who buys, receives, possesses, sells or disposes of a vehicle or an engine for a vehicle, knowing that an identification number of the vehicle or engine has been removed or falsified and with intent to conceal or misrepresent the identity of the vehicle or engine, is guilty of a felony." Paragraph (a) of Section 36 (*Code Ann.* § 68-9903) of this Act provides: "Felonies. A person convicted of a felony for the violation of a provision of this Act is punishable by a fine of not less than five hundred dollars ($500), nor more than five thousand dollars ($5,000),

or by imprisonment for not less than one (1) year nor more than five (5) years, or by both such fine and imprisonment." Paragraph (n) of Section 2 of the Act of 1961 contains the following definition: " 'Vehicle' means a device in, upon, or by which a person or property is or may be transported or drawn upon a highway, except a device moved by human power or used exclusively upon stationary rails or tracks, or which obtains motive power from fixed overhead electric wires." P. 71. This Act did not expressly repeal *Code* § 68-9916, but did have a general repealer clause repealing all laws and parts of laws in conflict with the provisions of that Act. At this point it would seem that *Code* § 68-9916 was repealed, at least insofar as an automobile is concerned. The Act approved February 8, 1966 (Ga. L. 1966, pp. 10, 11) "amended" *Code* § 68-9916 by striking said Code section in its entirety and inserting in lieu thereof a new Code section by the same number. Paragraph (a) of that new section reads as follows: "It shall be unlawful to buy, sell, receive, dispose of, conceal, use, or possess any motor vehicle, as defined by an Act regulating traffic upon the highways, approved January 11, 1954 (Ga. L. 1953, Nov.-Dec. Sess., p. 556), or any part thereof from which the manufacturer's serial numbers or other distinguishing numbers or identifying marks have been removed, defaced, covered, altered or destroyed for the purpose of concealing or misrepresenting the identity of such motor vehicle." (Section 2 (a) of the Act of 1953 referred to contains almost the identical definition of "vehicle" as was contained in the Act of 1961). Paragraph (c) of the new *Code* § 68-9916 provides that any person who shall knowingly violate the provisions of Paragraph (a) "shall be guilty of a felony and upon conviction thereof shall be punished by confinement in the penitentiary for not less than one (1) nor more than five (5) years." The Act of 1966 enacting the new *Code* § 68-9916 contained a repealing clause as to all laws in conflict therewith and it appears therefrom that for the offense charged in the present indictment a fine is no longer part of the punishment. Only a sentence in the penitentiary from one to five years is proper. The trial court did not err in so instructing the jury.

10. The evidence was amply sufficient to authorize the verdict.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

SUBMITTED MAY 8, 1968—DECIDED SEPTEMBER 4, 1968—
REHEARING DENIED SEPTEMBER 20, 1968—

*Albert M. Horn*, for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Roger Thompson*, for appellee.