## 45142. GARMON v. THE STATE.

WHITMAN, Judge. The defendant-appellant and two others were accused in separate indictments of murder. Kenneth Garmon's trial resulted in a verdict of guilty and a judgment of conviction and sentence of one year for manslaughter. His motion for new trial on the general grounds and two special grounds was overruled and he has appealed therefrom. *Held:*

1. The State's case proceeded upon the theory that the act committed was the result of a conspiracy between the defendant and two other persons. "A conspiracy may be proved by conduct as well as by an express agreement; and it is unnecessary that any antecedent agreement or understanding between the alleged conspirators be shown. If the evidence shows . . . that the defendants acted with a common intent and purpose in the attack on the deceased, and that the things which were proved to have happened were within the scope of this common intent

and purpose, this amounts to a conspiracy. Such being true, the act of one within the scope of the conspiracy and during its progress was the act of all. [Citations.]" *Ingram v. State*, 204 Ga. 164, 183 (48 SE2d 891).

The evidence in this case shows that the defendant did not do the actual killing. But there is evidence that the decedent and one D. L. Poteet had engaged in "Indian" wrestling or arm wrestling during which the decedent had taken an open pocket knife from Poteet's hip pocket and refused to give it back to him; that Poteet left saying that he would be back; that the defendant, Floyd Mack White, and Poteet came back in a car and stopped where the decedent and several others were gathered; that Poteet again asked for the knife but the decedent refused and, according to some of the evidence, tried to cut Poteet; that both the defendant and White had pistols and got out of the car and each fired several shots into the air and in the ground; that White fired a shot at or between the decedent's legs and then White shot and killed the decedent; and that after the decedent had fallen, the defendant White and Poteet immediately left the scene together.

Whether the defendant acted with a common intent and purpose to commit a crime and whether a crime was committed was for the jury to determine. The defendant's conduct was properly to be considered in making such determination. There is evidence to support their conclusion. The trial court did not err in overruling the motion for new trial on the general grounds.

2. The fourth ground of the motion for new trial was that the trial court erred in overruling the defendant's motion for directed verdict made on the ground that there was a fatal variance between the allegations in the indictment and the proof; that the indictment alleged that the defendant had killed the decedent by shooting him with a pistol, whereas the evidence shows conclusively that it was White's gun that killed the decedent. There was no error in overruling the motion. *Nelson v. State*, 187 Ga. 576 (2) (1 SE2d 641); *Lewis v. State*, 136 Ga. 355 (1) (71 SE 417); *Morris v. State*, 26 Ga. App. 60 (105 SE 380).

3. The fifth ground contends that the jury was not charged that if they found no conspiracy existed between the defendant and

any other person, they could not convict him of any offense. Our review of the charge shows that the jury was so instructed.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED MARCH 2, 1970—DECIDED JUNE 17, 1970.

*Craig & Reeves, Gene Reeves, Jr.,* for appellant.
*Reid Merritt, District Attorney,* for appellee.