## 47371. HEWITT v. THE STATE.

CLARK, Judge. This appeal arises out of a conviction for voluntary manslaughter in which defendant was one of four men jointly indicted for the murder of Gary Goddard which arose out of a fracas that apparently was the unfortunate culmination of "a night on the town." Although all four were named as defendants, only two were involved in this trial, Hewitt and Glover. Glover was acquitted by the same jury which found Hewitt guilty. This appeal involves 22 enumerations of error which require a summary of the facts as gleaned from a transcript of 467 pages.

Defendant, a twenty-year-old Viet Nam returnee on leave, joined three other youths in spending the evening drinking and riding around in a green pick-up truck. About 2:30 a.m. they went to the Clairmont Road Waffle House

for breakfast. Here they became involved in an incident with some other customers that was apparently smoothed over but resulted in a call to the DeKalb County Police by the manager. Approximately forty-five minutes later the four youths misbehaved at another Waffle House, this being at Shallowford Road, where upon their departure the affray occurred in the parking lot which resulted in the death of Goddard, who was twenty-nine years old.

The police, on routine patrol, had seen a green pickup truck in the Clairmont Road Waffle House parking lot with four men, who appeared to have been drinking, and identified two of the group but had no cause for an arrest.

Upon leaving the Shallowford Road Waffle House the four indictees encountered Gary Goddard in the parking lot. There are varying versions as to exactly what followed. The State's witnesses indicated the appellant and his companions picked a fight with the victim while the appellant presented a case of self-defense. During the altercation the victim pulled out a small pocket knife which he apparently used in a threatening manner upon Glover. Two men came out of the restaurant and attempted to assist the outnumbered individual. Then Goddard dropped his hand holding the knife at Glover's throat and approached defendant. No one present knew whether he put the knife away or not. Later the police found the knife in a closed position in the decedent's pocket. Defendant had picked up a board from the rear of the truck and the two (Goddard and defendant) began fighting. Each in turn had possession of the board; then defendant obtained the board and beat Goddard with it. When Goddard went to the ground, defendant booted him. The medical evidence showed the cause of death to be blunt-force injury to the head.

Defendant and his co-indictees left in a green pickup truck. Later police found the truck and two of the party in the woods some 50 yards off the access road between Shallowford Road and Chamblee-Tucker Road nearby. Defendant and the other indictee were found walking

toward the truck with gasoline. They claimed the truck ran out of gas and they coasted into the woods. The police testified that the truck had to be pushed that distance into the woods.

Witnesses testified over objections to events which had occurred in both Waffle House establishments. *Held:*

1. Enumerations of error Nos. 4, 6, 10, 11, and 12 contending State's evidence was admitted over objections that such evidence was irrelevant, immaterial, prejudicial and without probative value are without merit. Such objections are too general to present any question for decision by this court. *Griffie v. State,* 107 Ga. App. 356, 357 (130 SE2d 149); *Kent v. State,* 105 Ga. App. 312, 314 (124 SE2d 296); *Sweat v. State,* 103 Ga. App. 747 (1) (181 SE2d 87); *Milledge v. Boyett,* 102 Ga. App. 628 (117 SE2d 643); *Whitehead v. State,* 101 Ga. App. 524 (114 SE2d 379); *Hayes v. State,* 36 Ga. App. 668 (1e) (137 SE 860).

2. The trial court did not err in admitting certain evidence from two waitresses which the defendant objected to as hearsay. Hearsay is that evidence "which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. The very nature of the evidence shows its weakness, and it is admitted only in specified cases from necessity." *Code* § 38-301. The testimony of the two waitresses is not hearsay as they testified to what they personally saw or heard in the defendant's presence. Defendant's right of cross examination was not jeopardized.

The police officers' testimony comes under a recognized exception to the hearsay rule in that the testimony explained conduct as discussed in the next portion of this opinion.

3. Enumerations Nos. 3 and 6 attacking the policemen's testimony dealing with the misbehavior at the Clairmont Road Waffle House are without merit. The officers are explaining the basis for their conduct in testifying that a look-out had been placed for a green pick-up truck because of the incident at Clairmont Road Waffle House

which had been described in the police call as a fight. "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." *Code* § 38-302. This testimony is analogous to the witness in *Jones v. State,* 224 Ga. 283, 285 (161 SE2d 302), where "the witness was detailing events which led to the arrest of the accused. The particular question dealt with the witness's conduct in determining the place where the defendant was hiding at the time he was arrested. The testimony complained of was that a named person told them the defendant was in the attic of a house. Such testimony to explain conduct in looking for and finding the accused in such location was admissible." In accord are *Estes v. State,* 224 Ga. 687 (1) (164 SE2d 108); *Bryant v. State,* 191 Ga. 686 (14) (13 SE2d 820); *Nance v. State,* 123 Ga. App. 410, 411 (181 SE2d 295); *Daniel v. State,* 118 Ga. App. 370 (7) (163 SE2d 863); *Griffie v. State,* 107 Ga. App. 356, supra, hn. 1.

4. The main thrust of defendant's objections is to exclude the evidence concerning the incident at the Clairmont Road Waffle House as being irrelevant. This incident concerned the same four men in the same green pickup truck approximately one hour before the incident at the Shallowford Road Waffle House. The eminent trial judge ruled this evidence to be admissible as evidence of prior acts tending to prove a conspiracy. "A person commits a conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does an overt act to effect the object of the conspiracy." *Code Ann.* § 26-3201. "A jury would be authorized to conclude that a conspiracy existed by proof of acts and conduct of the parties, and from the nature of the acts done, the relation of the parties and the interests of the alleged conspirators." *Campbell v. Carroll,* 121 Ga. App. 497, 503 (174 SE2d 375). See also *Huckaby v. Griffin Hosiery Mills,* 205 Ga. 88, 91

(52 SE2d 585). "It is not necessary to prove an express compact or agreement among the parties thereto. It need not appear that the parties have ever met together, either formally or informally, and entered into any explicit formal agreement; it is not necessary that it appear either by words or writing that the defendants formulated their unlawful objects. It is sufficient that two or more persons in any manner, either positively or tacitly, come to a mutual understanding that they will accomplish the unlawful design." *Campbell v. Carroll,* supra, p. 503. See also *Cook v. Robinson,* 216 Ga. 328, 329 (116 SE2d 742); *Nottingham v. Wrigley,* 221 Ga. 386, 388 (144 SE2d 749); *Garmon v. State,* 122 Ga. App. 61 (1) (176 SE2d 218). The incident at the Clairmont Road Waffle House is relevant in that it is indicative of the demeanor and frame of mind of the four indictees (including defendant). See *Spradlin v. State,* 90 Ga. App. 97, 99 (82 SE2d 238). The interval of time between the two incidents is close, approximately one hour. See *Black v. State,* 187 Ga. 136, 137 (199 SE 810); *Blackwell v. State,* 113 Ga. App. 536 (5) (148 SE2d 912). The testimony concerning the incident at Clairmont Road indicates that defendant was having words with another customer, that the waitress, not knowing the outcome, called the police. The defendant admitted that he had been drinking earlier that evening. The jury may or may not infer from the above evidence that defendant was looking for a fight. "No precise and universal test of the relevancy of testimony is furnished by the law, but each must be determined in accordance with the facts of that particular case." *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225). In accord, *Alexander v. State,* 7 Ga. App. 88 (66 SE 274); *Kutzchan v. State,* 68 Ga. App. 121 (22 SE2d 410); *Stone v. State,* 118 Ga. 705 (7) (45 SE 630). "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." *McNabb v. State,*

70 Ga. App. 798, 799 (29 SE2d 643). See also *Livingston v. Barnett,* 193 Ga. 640 (3a) (19 SE2d 385).

"In cases of doubt as to the admissibility of evidence, the current of authority in this State is to admit it and leave its weight and effect to be determined by the jury." *Gilmer v. City of Atlanta,* 77 Ga. 688 (1a). In accord, *Bell v. State,* 72 Ga. App. 848, 851 (35 SE2d 383). The jury in fact ruled there was no conspiracy and acquitted the other defendant. But the trial court correctly determined that such evidence was relevant and, therefore, it was properly admitted into evidence. *Hotchkiss v. Newton,* 10 Ga. 560.

5. Enumeration No. 8 contends error in overruling a mistrial motion made in reference to a police officer volunteering as a non-responsive part of his answer to a question a reference that the defendant considered as placing character in issue. "Evidence material to the issues of the case is not inadmissible because it incidentally puts the defendant's character in issue." *Whippler v. State,* 218 Ga. 198 (3) (126 SE2d 744). See also *Tiller v. State,* 196 Ga. 508 (3) (26 SE2d 883); *Blackwell v. State,* 113 Ga. App. 536 (5), supra; *Bennefield v. State,* 86 Ga. App. 285, 288 (71 SE2d 760). Here, the witness recited happenings and his interpretation of such as a basis for his conduct in not arresting the defendant and the others at that point. "They all appeared to be drinking, but were exhibiting no mannerisms that would cause us to stop and check them, so we went ahead." (T., p. 214.) The judge's failure to charge the jury to disregard portions of the witness's response is not prejudicial although he sustained the defendant's objection, because the defendant in his own testimony admitted that he had been drinking. *Mathis v. State,* 222 Ga. 351, 352 (149 SE2d 812); *Corley v. Russell,* 92 Ga. App. 417, 422 (88 SE2d 470), and cits.; *Cooley v. Bergstrom,* 3 Ga. App. 496, 499 (60 SE 220), and cits.

6. The defendant contends that he has not been personally identified by various witnesses as being present at the

Clairmont Road Waffle House or by one of the waitresses as being present at the Shallowford Road Waffle House. Defendant in his own testimony admits being present at each of those locations in the company of the three other indictees at the particular time in question. See *Mathis v. State,* supra, and *Corley v. Russell,* supra. Each witness was able to identify at least two of the group and stated that there were four members of the group present. The defendant was adequately identified, particularly in view of his own testimony.

7. Enumeration No. 16 contending there was no evidence to support the charge of voluntary manslaughter is without merit.

Where "the participants engage with a mutual intention to fight, the offense may be voluntary manslaughter as related to mutual combat. If the evidence . . . authorizes an inference that the killing occurred in the circumstances last mentioned, it is the duty of the judge, even without request, to give in charge the law of voluntary manslaughter as. related to mutual combat." *Shafer v. State,* 191 Ga. 722 (3) (13 SE2d 798). See also *Lucear v. State,* 221 Ga. 572 (1) (146 SE2d 316); *Johnson v. State,* 173 Ga. 734, 742 (161 SE 590). "The killing to be voluntary manslaughter must be the result of that sudden, violent, impulse of passion supposed to be irresistible." *Williams v. State,* 130 Ga. 400, 406 (60 SE 1053).

Sufficient evidence was presented to warrant a charge on voluntary manslaughter. *Code Ann.* § 26-1102.

8. Enumeration No. 17 based on a failure to charge paragraph (f) of *Code Ann.* § 26-901 is without merit. The trial judge charged appropriate portions of *Code Ann.* § 26-901 dealing with justification as a defense and all of *Code Ann.* § 26-902, which is captioned "Use of force in defense of self or others, including justifiable homicide" specifically. These charges amply cover the subject of self-defense. The trial court must shape the charges to fit the facts of each individual case, and paragraph (f) of *Code Ann.* § 26-901 was not applicable. *Union Central*

*Life Ins. Co. v. Cofer*, 103 Ga. App. 355 (2) (119 SE2d 281); *Bank of Lafayette v. Phipps*, 24 Ga. App. 613 (6) (101 SE 696); *Loeb v. State*, 6 Ga. App. 23 (3) (64 SE 338).

9. Enumeration No. 18 based on the trial court's failure to charge involuntary manslaughter without request is without merit. "There can be no involuntary manslaughter where the intention is to kill." *Hagin v. State*, 86 Ga. App. 92, 94 (70 SE2d 795).

In *Teal v. State*, 122 Ga. App. 532 (4) (177 SE2d 840), a charge on involuntary manslaughter was denied though requested, because "the victim probably died as the result of a brutal beating under circumstances which would constitute murder, unless the perpetrator was acting solely with provocation as the result of a sudden, violent, and irresistible passion, so as to constitute voluntary manslaughter, or unless he was acting justifiably in self-defense or defense of habitation, as claimed, so as to warrant acquittal of any offense. To warrant instructions on involuntary manslaughter (Ga. L. 1968, pp. 1249, 1276; *Code Ann.* § 26-1103) there must be evidence to authorize a determination that death occurred unintentionally from the commission of an unlawful act other than a felony, or from the commission of a lawful act in an unlawful manner likely to produce death or great bodily harm. Whether the conduct of the accused was lawful at the outset, e.g., in self defense . . . or unlawful, what took place thereafter discloses felonious conduct in committing either an aggravated assault with an instrument likely to produce death (*Code Ann.* § 26-1302) or an aggravated battery (*Code Ann.* § 26-1305), which, having caused the death of another, is not within the scope of involuntary manslaughter."

*Carmichael v. State*, 115 Ga. App. 591, 595 (155 SE2d 439) holds that even "[I]f we concede in this case, in arguendo, that the evidence did indicate it could support a finding of involuntary manslaughter in one form or another, the failure to submit these issues to the jury was

actually favorable to the accused, for unless the jury was convinced beyond a reasonable doubt that the essentials of either murder or voluntary manslaughter were present, it had no alternative but to acquit the accused, either on the theory of an accidental shooting [beating in the case sub judice] or for other reasons, and under these circumstances the accused has no just ground for complaint."

10. Enumeration No. 19 contending that failure to charge on circumstantial evidence when there was no request for such charge is without merit. This case is analogous to *Harvey v. State,* 216 Ga. 174 (1) (115 SE2d 345), which states: "Where . . . the defendant, in his statement to the jury, admits the shooting of the deceased, but claims justification, the case is not one depending wholly upon circumstantial evidence, and the failure of the court to charge on that subject, in the absence of an appropriate request, is not cause for reversal." In accord: *Harris v. State,* 152 Ga. 193 (5) (108 SE 777) and cits. *Pippin v. State,* 205 Ga. 316 (11) (53 SE2d 482).

11. The verdict is supported by the evidence and it was not error for the trial judge to refuse to direct a verdict, to overrule defendant's motion for a new trial and to make the jury's verdict (guilty of voluntary manslaughter) and sentence the judgment of the court.

12. All other enumerations of error are without merit.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
SUBMITTED SEPTEMBER 13, 1972—DECIDED SEPTEMBER 27, 1972.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.

*Richard Bell, District Attorney, Bryan M. Cavan,* for appellee.