### 55220. DOOLEY v. THE STATE.

SHULMAN, Judge.

Defendant appeals from his conviction for possession of a motor vehicle with the identifying number removed. See Code Ann. § 68-9916 (a) (c).

1. The indictment charging defendant with the crime stated that the accused "did unlawfully possess a certain motor vehicle . . . from which the manufacturer's serial number had been removed and altered for the purpose of concealing and misrepresenting the identity of such motor vehicle, contrary to the laws of said State," etc. Defendant's demurrer to the indictment was overruled. It is urged that the court erred in overruling the demurrer because the indictment failed to allege that the defendant possessed the vehicle with knowledge of the alteration or removal of the manufacturer's serial number.

While it would have been better practice to recite the words "knowingly possessed" in the indictment (see, e.g., *Daniel v. State,* 118 Ga. App. 370 (1) (163 SE2d 863)), the failure to have done so does not render the indictment subject to demurrer. *Goodwyne v. State,* 38 Ga. App. 183 (143 SE 443).

2. The trial court charged the jury in substantially the same language of Code Ann. § 68-9916 (a). In the general charge, the court failed to charge the substance of Code Ann. § 68-9916 (c) which prohibits a "knowing violation." Defendant enumerates as error the court's failure to instruct the jury adequately as to the necessary elements of the offense charged, to wit: that the accused must have knowledge of the alteration.

We agree with appellant that guilty knowledge of the alteration is the gist of the offense. *Greer v. State,* 113 Ga. App. 342 (1) (147 SE2d 877). See also *Studdard v. State,* 124 Ga. App. 713 (185 SE2d 775) (likening offense of possessing and using motor vehicle license plate for the purpose of concealing and misrepresenting identity of motor vehicle upon which it was being used to offense of receiving stolen goods). The trial court communicated the essential element of the offense to the jury when, on recharge, the jury was instructed that they "would have to find beyond a reasonable doubt that he did possess it with the intent to do what they charged him with doing, that he intended to possess it and he knowingly possessed it."

The trial court's failure to charge in its original instructions that a knowing violation was an essential element of the offense was immaterial in light of the recharge. *Potts v. State,* 134 Ga. App. 512 (4) (215 SE2d 276).

3. Appellant contends that the trial court erred in denying his motion to suppress evidence resulting from the search of the vehicle involved in the case at bar.

The evidence shows that the vehicle seized was in defendant's used car lot, which was open to the public. Law enforcement officials went to defendant's place of business during business hours for the purpose of investigating the theft of a stolen vehicle which was found elsewhere and was reported to belong to defendant. The

officers observed, in plain view, a vehicle on defendant's lot with the driver's door open, the dashboard removed, screwdrivers on the front seat, and the dashboard serial plate missing. A subsequent check of the car revealed that the car in fact was stolen.

The court did not err in denying the motion to suppress. *Mahr v. State,* 137 Ga. App. 116 (2b) (223 SE2d 204).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 30, 1978 — DECIDED MARCH 14, 1978 — REHEARING DENIED MARCH 31, 1978 — CERT. APPLIED FOR.

*W. Benjamin Ballenger,* for appellant.
*William M. Campbell, District Attorney, Richard W. Hendrix, Assistant District Attorney,* for appellee.