## 58977. GLOVER v. THE STATE.

SHULMAN, Judge.

This appeal follows appellant's conviction for knowingly committing aggravated assault upon a peace officer, in violation of Code Ann. § 26-1302. No reversible error appearing, we affirm.

1. In charging the jury on aggravated assault, the trial court failed to include that portion of § 26-1302 which prohibits an individual from knowingly committing "aggravated assault on a peace officer while such peace officer is engaged in or on account of the performance of his official duties." Defendant asserts that the court's charge did not adequately instruct as to a necessary element of the offense charged (i.e., the requisite knowledge) and requires reversal. We disagree.

The trial court communicated that knowledge was an essential element of the offense when it charged that a conviction was authorized if the jury believed that the defendant "did make an assault on the person of Michael

B. Griffith with a pistol, a deadly weapon, knowing the said Michael B. Griffith was a peace officer engaged in the performance of his official duties." This being so, the charge is not subject to the criticism lodged against it. *Dooley v. State,* 145 Ga. App. 539 (2) (244 SE2d 55).

2. In the absence of a proper request, the failure to charge on simple assault could not amount to reversible error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

3. When it became apparent to the trial court that the jury was deadlocked, the court encouraged the jury to reach a verdict by charging in accordance with Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528). Appellant urges that the trial court's failure to specifically instruct the jury not to surrender their conscientious convictions requires reversal. This is not well taken.

A review of the charge shows that the trial court informed the jurors that the court was "not asking you to give up your individual preferences or your individual belief" and instructed them not to "give up your own individual opinion." Thus, the charge adequately apprised the jury not to surrender their conscientious convictions (see, e.g., *Still v. State,* 142 Ga. App. 312 (4) (235 SE2d 737)), and is not erroneous for the reason assigned. *Wilson v. State,* 145 Ga. App. 315 (4c) (244 SE2d 355).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED JANUARY 11, 1980 —

*John S. Carpenter, David D. Blum,* for appellant.
*M. Randall Peek, District Attorney,* for appellee.