## 59688. PALMER v. THE STATE.

SOGNIER, Judge.

Palmer was convicted in the Superior Court of Richmond County of possession of marijuana. On appeal he enumerates several errors, including a contention that the trial court erred by permitting a jury view outside the presence of the defendant.

During the trial counsel for appellant requested that the jury be allowed to view a truck. Although the request was denied initially, the trial court subsequently granted the request and directed the bailiff to take the jury to see the truck. The trial court then stated: "No lawyers, no witnesses, no parties are to go with the jury." The defense counsel asked to go with the jury, but his request was denied. This was error.

Our Supreme Court first addressed this issue in 1923 in a similar case involving the inspection of an automobile and held that every person charged with an offense has the right to be present during every stage of the trial. *Chance v. State,* 156 Ga. 428 (1) (119 SE 303) (1923). See also *Wilson v. State,* 212 Ga. 73, 74 (90 SE2d 557) (1955). In *Chance,* there was nothing to indicate that the defendant had waived his right to be present, and the court went on to hold that "being deprived of this important right, we are of the opinion that a new trial should be granted . . . " Id at 433. This court addressed this issue in *Crawford v. State,* 41 Ga. App. 486 (153 SE 380) (1930), and held that the defendant has a right to be present in person during every stage of the trial, and this right cannot be waived by the attorney except by express authority of the defendant. Our court's most recent affirmance of this rule was in the case of *Durrett v. State,* 135 Ga. App. 749, 751 (2) (a) (219 SE2d 9) (1975), where we held: "This procedure was error because the defendant was deprived of his right to be present at every stage and proceeding of his trial. [Cit.] Because appellant was deprived of this important right, he is entitled to a new trial." Lastly, we point out that this right is one granted by our own Constitution. Constitution of Georgia of 1976, Art I, Sec I, Par. IX (Code Ann. § 2-109). Accordingly, it was error for the trial court to deprive defendant of this important right in the absence of a personal waiver by him, and a new trial is required. *Durrett v. State,* supra. In view of our holding on this enumeration of error, we need not consider the remaining enumerations.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

ARGUED APRIL 7, 1980 — DECIDED JULY 16, 1980.

*Al Horn, Bruce Maloy,* for appellant.
*Richard E. Allen, District Attorney, Jim Purcell, Assistant District Attorney,* for appellee.